# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, FORMERLY KNOWN AS THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS | NO. 3:09-CV-01721 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| ROBERT K. MERICLE and MERICLE CONSTRUCTION, INC. | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff Travelers Property Casualty Company of America against Defendants Robert Mericle and Mericle Construction, Inc. (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the

courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction. Diversity is insufficiently alleged as to the Defendant Robert K. Mericle. Plaintiff alleges in its Complaint that Defendant Robert K. Mericle is "residing" in Pennsylvania. (Compl. ¶ 4, Doc. 1.). It is well established that the term "citizenship" is not synonymous with "resident." *See Pa. House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) (McClure, J.) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location."). To properly allege diversity, a plaintiff must allege a defendant's state of citizenship, not merely of residence.

Because the citizenship of both parties is insufficiently alleged, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this ___8th___ day of September, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk of the Court shall mark this case **CLOSED.**

2

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge